IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | |
|---|---|
| Donald Tillman, ) | |
| ) | C/A No. 3:16-3060-MBS |
| Plaintiff/Counterclaim Defendant, ) | |
| ) | |
| vs. ) | |
| ) | |
| Walker Morgan, LLC; William P. Walker, ) | |
| Jr.; and S. Kirkpatrick Morgan, Jr., ) | |
| ) | **ORDER AND OPINION** |
| Defendants/Counterclaim ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | |
| ) | |
| Kevin Johnston, ) | |
| ) | |
| Counterclaim Defendant. ) | |
| _____ ) | |

On July 1, 2016, Plaintiff/Counterclaim Defendant Donald Tillman ("Plaintiff") filed the within action in the Court of Common Pleas for Lexington County, South Carolina. Plaintiff alleges causes of action for professional negligence, breach of fiduciary duty, and violation of the South Carolina Unfair Trade Practices Act, S.C. Code Ann. § 39-5-10 et seq. On August 2, 2016, Defendants/Counterclaim Plaintiffs ("Defendants") Walker Morgan, LLC; William Walker, Jr.; and S. Kirkpatrick Morgan, Jr. filed an answer and counterclaims for civil conspiracy, negligence per se, and common law barratry. On or about August 12, 2016, Plaintiff filed a reply to Defendants' counterclaims, and asserted two counter-counterclaims against Defendants: a cause of action for abuse of process and a cause of action asserting a violation of 28 U.S.C. § 1927 (providing for the recovery of fees, costs, and expenses incurred as a result of defending vexatious litigation).

Defendants removed the action to this court on September 9, 2016. Defendants assert that a federal question is presented based upon Plaintiff's counter-counterclaim purporting to allege a cause of action under § 1927. Defendants filed a reply to Plaintiff's counter-counterclaim also on September 9, 2016.

This matter now is before the court on motion to remand filed by Plaintiff on October 7, 2016. Defendants filed a response in opposition to Plaintiff's motion to remand on October 24, 2016, to which Plaintiff filed a reply on October 31, 2016.

DISCUSSION

The presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule," which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987) (citing Gully v. First Nat'l Bank, 299 U.S. 109, 112–13 (1936)). The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law. Id.

Defendants contend that Plaintiff's counter-counterclaim asserting a violation of § 1927 has the legal effect of an amendment to the complaint asserting a federal cause of action. Thus, according to Defendants, Plaintiff's § 1927 cause of action is presented on the face of Plaintiff's complaint and constitutes a proper ground for removal.

The Federal Rules of Civil Procedure do not recognize counterclaims to counterclaims. Under Fed. R. Civ. P. 7(a),

(a) Pleadings. Only these pleadings are allowed:

(1) a complaint;

2

>   (2) an answer to a complaint;
>   (3) an answer to a counterclaim designated as a counterclaim;
>   (4) an answer to a crossclaim;
>   (5) a third-party complaint;
>   (6) an answer to a third-party complaint; and
>   (7) if the court orders one, a reply to an answer.

Nevertheless, some federal courts have recognized the viability of a counter-counterclaim when Rule 7(a) is read in conjunction with Rule 13(a). In those cases, a federal court will permit the filing to operate as a pleading when the counter-counterclaim is a compulsory reply to a permissible counterclaim. See, e.g., Baker v. Borg Warner Morse Tec, Inc., Civil Action No. 3:11-505, 2012 WL 195011, *2 (S.D.W. Va. Jan. 23, 2012) (citing Feed Mgmt. Sys., Inc. v. Brill, 518 F. Supp. 2d 1094, 1096 (D. Minn. 2007)). In other situations, federal courts have determined that counter-counterclaims should be construed as motions to amend the complaint. See, e.g., Oculus Optikgerate GmbH v. Insight Instruments, Inc., Case No. 12-14394-CIV-GRAHAM/LYNCH, 2013 WL 12096458 (S.D. Fla. Oct. 22, 2013); Borg Warner Morse, 2012 WL 195011, *2 (citing cases and noting that allowing a counter-counterclaim may result in a reply to the counter-counterclaim, which will create a procedural nightmare); cf. Office of Strategic Serv. Inc. v. Sadeghian, 528 F. App'x 336, 341 (4th Cir. 2013).

The court has identified no South Carolina case construing counter-counterclaims. S.C. R. Civ. P. 7(a) follows the federal rule, providing:

> **(a) Pleadings**. There shall be a complaint and an answer; and a reply to a counterclaim denominated as such; an answer to a cross-claim, if the answer contains a cross-claim; a third-party complaint, if a person who was not an original party is summoned under Rule 14, and there shall be a third-party answer, if a third-party complaint is served. No other pleadings shall be allowed, except that the court may order a reply to an answer or a third-party answer; and there may be a reply to affirmative defenses as provided in Rule 8(c).

In any event, it was for the state court judge to determine whether Plaintiff's counter-counterclaim should be stricken as an impermissible pleading, permitted as a compulsory reply to a permissible counterclaim, or construed as a motion to amend the complaint.[1] If the counter-counterclaim constituted a motion to amend the complaint, as urged by Defendants, it is possible that the state court judge would deny the motion. Under any scenario, no amendment to the complaint has been effected. Accordingly, there is no federal question appearing on the face of the complaint to support Defendant's notice of removal. Accord, Loker v. Metro. Prop. & Cas. Inc. Co., No. 1:08-CV-2572, 2008 WL 5378347 (N.D. Ohio Dec. 22, 2008).

## CONCLUSION

For the reasons stated, Plaintiff's motion to remand (ECF No. 14) is **granted**.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina

February 17, 2017

---

[1] Under. S.C. R. Civ. P. 15(a), Plaintiff had the right to amend his pleading as a matter of course at any time before or within 30 days after a responsive pleading is served. Given that Plaintiff brought his § 1927 cause of action in a manner that could be procedurally improper under state law, the court declines to consider whether Plaintiff's counter-counterclaim should be construed as an amendment as a matter of course.

4